■ In the Matter of RAJENDRA P. SOOD, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York.

Petitioner was found guilty of professional misconduct within the meaning of Education Law § 6509 (11) pursuant to the expedited procedure of Public Health Law § 230 (10) (m) (iv). This finding of guilt, made by respondent Board of Regents, was premised on an order of the Commissioner of Health entered upon a stipulation of the parties. When that stipulation was entered into, petitioner stood charged of a single instance of patient neglect, a violation of Public Health Law § 2803-d. By the terms of the stipulation, petitioner waived his right to a previously requested hearing available to him under Public Health Law § 2803-d, agreed to pay a civil fine of $250, and acknowledged that a report and resultant investigation disclosing credible evidence, of patient neglect by petitioner would not be amended or expunged, and would be forwarded to the Office of Professional Medical Conduct for whatever action it deemed appropriate with respect to petitioner's license.

Subsequently, Public Health Law § 230 was amended (L 1986, ch 266, § 26, eff July 8, 1986) to allow a Regents Review Committee to forego a hearing on the facts following a determination, in this case by the Commissioner of Health, of professional misconduct and to simply hold a hearing on the penalty to be imposed. Proceedings before a Regents Review Committee were initiated by service of a notice of direct referral proceeding and statement of charges in December 1986. At the hearing, petitioner, represented by an attorney, attempted to put in issue the facts regarding his alleged violation, but the Regents Review Committee's chairman ruled that the facts had been stipulated. The Regents Review Committee thereafter found petitioner guilty of professional misconduct and recommended the penalty of suspending petitioner's license to practice medicine for three years with a stay of the final 33 months. Respondent Commissioner of Education adopted the Regents Review Committee's findings of fact and recommendation as to the penalty. This proceeding ensued.

Petitioner maintains that he would not have agreed to the stipulation, which he does not view as an admission of misconduct, had he known that he would be precluded from arguing the merits of his case before the Regents Review Committee. He evidently considered the stipulation as settling the matter; he believed it was nothing more than an expedient way to avoid a costly hearing on charges he ardently disputed.

It is clear from the record that petitioner never admitted, nor does he now, that he was guilty of patient neglect. It is also noteworthy that a senior attorney for the Department of

Health, in the course of explaining what the stipulation was intended to accomplish to petitioner's attorney before the stipulation was executed, noted that "there is no provision [in the stipulation] that your client admit to the charges because of the 'no contest' nature of the settlement", and on still another occasion explained that by assenting to the order which was to be entered on the stipulation, petitioner, though not contesting the Commissioner of Health's factual finding of neglect, "would not however be admitting to it". Given the circumstance that there had been no adjudication of petitioner's guilt, he did not stipulate to facts establishing his guilt of the charged violation, that he executed the stipulation believing that the penalty invoked was a $250 fine and that any suspension of his license would require a hearing on the merits, and the further fact that the Regents Review Committee had the option of referring the matter for an evidentiary hearing before a panel of the State Board for Professional Medical Conduct pursuant to Public Health Law § 230 (10) (a), we are of the view that the latter procedure should have been followed in this particular instance.

The cases of *Matter of Saleem v Commissioner of Educ.* (133 AD2d 953), *Matter of Fischman v Ambach* (98 AD2d 854, *appeal dismissed* 63 NY2d 768) and *Matter of Kaplan v Board of Regents* (87 AD2d 952), relied upon by respondents, are distinguishable in a very significant way in that the petitioners therein did not dispute that they were guilty of the underlying charges.

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.