■ In the Matter of JOSHUA L. STERNBERG, Petitioner, v ADMINISTRATIVE REVIEW BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [652 NYS2d 855] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c) to review a determination of respondent which limited petitioner's license to practice medicine in New York.

Licensed as a physician in Florida, petitioner agreed in 1993 to relinquish that license in settlement of several pending complaints of professional misconduct, along with one complaint that had been sustained after a hearing with respect to which he had filed an appeal. In exchange for vacatur of the penalty—a two-year suspension of his license, a term of probation and a substantial fine—that had been imposed in the adjudicated case, and termination of the proceedings involving the other complaints, petitioner withdrew his appeal, surrendered his license and agreed never again to apply for licensure as a medical doctor in Florida. He also acknowledged that this "relinquishment [of his license] to avoid administrative prosecution [was] deemed to be in the nature of disciplinary action against his license".

Thereafter, the Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner, who is licensed and practicing as a physician in New York, with professional misconduct based on the events that culminated in the surrendering of his Florida license (*see,* Education Law § 6530 [9] [d]). Following a plenary hearing, a Hearing Committee concluded that petitioner had given up his license under conditions which warranted a finding of misconduct pursuant to

Education Law § 6530 (9) (d), and imposed a penalty of a two-year stayed suspension, supervised probation and 50 hours of continuing medical education. Upon BPMC's appeal, respondent sustained the finding of misconduct but overturned the penalty, directing instead that petitioner be permanently barred from private practice and limited to practicing in a facility licensed or operated by the State. Petitioner seeks annulment of that sanction.

The penalty is not, as petitioner argues, arbitrary and capricious. The rationale driving this argument is that the penalty was premised (wrongly, petitioner maintains), in whole or in part, upon charges of which he was never found guilty, namely, the complaints that were still pending when he yielded his license. Because the surrender of petitioner's license was prompted, in part, by the institution of those proceedings, however, it was not improper for respondent, when fashioning an appropriate penalty, to consider the nature of the underlying charges. To hold otherwise would be incongruous, for it would insulate from discipline in New York those who have managed, by the simple expedient of voluntarily sacrificing their licenses, to avoid a formal adjudication of guilt in another jurisdiction—the very concern Education Law § 6530 (9) (d) was designed to meet.

Nor is the penalty imposed illegal or unduly harsh. Respondent is expressly empowered to restrict the scope of a physician's practice (see, Public Health Law § 230-a [3]; *Matter of Colvin v Chassin*, 214 AD2d 854, 855), and that restriction need not be limited in duration. Moreover, in view of the nature of the charges preferred against petitioner in Florida—which involved providing, and billing for, unnecessary procedures and services for petitioner's own financial gain—the limitation imposed is far from shockingly unfair (see, *Matter of Brigham v DeBuono*, 228 AD2d 870, 874-875). Indeed, the limitation is quite appropriate; it effectively minimizes the risk of future, similar transgressions, while maximizing the benefit to both petitioner and the public, by allowing him to continue practicing his profession. As for petitioner's prediction that he will be unable to obtain employment because of the conditions imposed by respondent, it suffices to note that the position he currently holds meets the necessary qualifications and that he was able to secure that position despite the fact that he had been disciplined in Florida.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.