■ In the Matter of STEVEN I. BECKER, Petitioner, v BARBARA DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [657 NYS2d 471] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician specializing in vascular surgery, holds a license to practice medicine in both New Jersey and New York. Petitioner was subject to disciplinary action in New Jersey, which involved taking X-rays that allegedly deviated from accepted standards and failing to disclose his denial of privileges at one hospital and also that he was the subject of an inquiry concerning fee disputes. This New Jersey proceeding terminated in a consent order which required petitioner to complete a course in X-ray technique and 12 months of monitoring, which petitioner did successfully.

As a result of the New Jersey consent order, a referral proceeding was initiated by respondent Bureau of Professional Medical Conduct (hereinafter BPMC) in New York pursuant to Education Law § 6530 (9) (d). A Hearing Committee of the State Board for Professional Medical Conduct (hereinafter Hearing Committee) determined that the underlying conduct of the consent order would, if committed in New York, constitute misconduct in violation of Education Law § 6530 (3) (negligence on more than one occasion) and Education Law § 6530 (21) (willfully filing a false report). The Hearing Committee imposed a two-year stayed suspension with two years of X-ray monitoring. Both petitioner and BPMC appealed this determination to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), which changed the penalty to revocation of petitioner's New York license, prompting the commencement of this CPLR article 78 proceeding by petitioner.

Initially we find that, as the evidence and sworn testimony taken pursuant to a Public Health Law § 230 (10) (p) expedited proceeding is "strictly limited" to that "relating to the nature

and severity of the penalty", petitioner was never given the opportunity to raise before the Hearing Committee the issue of the inapplicability of collateral estoppel. Petitioner did, however, raise this issue at his first available opportunity—before the ARB. As such, we find, contrary to respondents' contention, that this issue has not been waived.

Significantly, petitioner's consent order in New Jersey contained no plea of guilty on behalf of petitioner, nor any admission by petitioner of any guilt or wrongdoing. On the contrary, petitioner's consent order specifically stated that "no findings of liability or wrongdoing are being made against [petitioner]" and further contained a total denial of any wrongdoing by petitioner. Inasmuch as no hearing was ever held in New Jersey and no findings of guilt were ever made, it would defy due process and the concept of fairness to use unsubstantiated allegations and inconclusive findings with the force of affirmative or offensive collateral estoppel effect against petitioner. Such offensive use of collateral estoppel also raises legitimate concerns about the fairness of the doctrine when it is offensively applied in this manner (*see, Matter of Halyalkar v Board of Regents*, 72 NY2d 261, 269-270; *Matter of Sood v Commissioner of Educ. of State of N. Y.*, 137 AD2d 918).

Respondents argue that the disciplinary action underlying *Halyalkar* commenced before the Legislature enacted the referral statute relevant here, which itself carries no guilt requirement, and that *Halyalkar* is therefore irrelevant. We disagree and have previously expressed our concern with the use of the expedited proceeding in such circumstances (*see, e.g., Matter of Dragan v Commissioner of Educ. of State of N. Y.*, 142 AD2d 846, 848). Accordingly, the ARB's determination is annulled.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.