■ In the Matter of KENNETH B. HATFIELD, Petitioner, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents. [665 NYS2d 755] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, *inter alia*, suspended petitioner's license to practice medicine in New York for one year.

Although petitioner is licensed to practice medicine in New York, he obtained a medical license in Illinois and has always maintained his medical practice in that State. In September 1989, the Illinois Department of Professional Regulation (hereinafter IDPR) filed a complaint against petitioner charging him with, *inter alia*, prescribing a controlled substance for other

than medically accepted therapeutic purposes and failure to maintain medical records for a patient. Thereafter, in May 1992, the IDPR suspended petitioner's medical license indefinitely;* however, in May 1994, in an administrative review action, the IDPR's findings of fact and conclusions of law together with its disciplinary action against petitioner were reversed by an Illinois Circuit Court and the matter remanded (*Hatfield v Zollar*, 92 CH 4907 [Ill Cir Ct, Cook County, May 18, 1994]). At this point, the IDPR and petitioner entered into a stipulation of settlement wherein petitioner consented to the suspension of his license from May 1992 to September 9, 1994, the date of the stipulation, without admitting, and in fact specifically denying, the allegations of the complaint filed against him.

Predicated upon this stipulation, the New York State Board for Professional Medical Conduct in June 1995 charged petitioner with professional misconduct under Education Law § 6530 (9) (d). After an expedited hearing, a Hearing Committee on Professional Medical Conduct (hereinafter the Hearing Committee) sustained the charge of misconduct, suspended petitioner's license to practice medicine in New York for one year but permanently stayed the suspension subject to certain terms of probation. On administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) sustained the Hearing Committee's determination of misconduct and its penalty with one minor modification. This proceeding ensued.

Insofar as pertinent here, Education Law § 6530 (9) (d) defines professional misconduct as having a medical license suspended where the conduct resulting in the suspension would have constituted professional misconduct in New York. As it is undisputed that petitioner's medical license was suspended, the point of contention is whether he committed an act which would constitute professional misconduct in this State. The ARB, relying on the allegations in the IDPR's complaint relating to failing to maintain records for patients for whom petitioner prescribed controlled substances, found that his conduct would have amounted to professional misconduct in New York, i.e., failure to maintain adequate records (*see,* Education Law § 6530 [32]).

Petitioner contends that the ARB's reliance on the complaint was misplaced in light of the Circuit Court's reversal of the administrative determination which he maintains vitiated the

* In addition, petitioner's controlled substances registration was revoked for a minimum of five years.

charges against him. Unlike petitioner, we do not consider the Circuit Court order to have preclusive effects since a remand is not a final order, a prerequisite to the application of collateral estoppel (*see, People v Roselle*, 84 NY2d 350, 357; *Grames v Illinois State Police*, 254 Ill App 3d 191, 198, 625 NE2d 945, 951-952). Moreover, at the time of the stipulation, the administrative proceeding was extant since the Circuit Court order had been stayed and was being appealed. Therefore, petitioner having waived an adjudication of the merits of the complaint by entering into a stipulation of settlement, which raises the inference that the allegations against him had some validity, we find that the ARB's determination was not arbitrary and capricious, affected by error of law or an abuse of discretion (*see, Matter of Gupta v DeBuono*, 229 AD2d 58, 60; *Matter of Brigham v DeBuono*, 228 AD2d 870, 871, *lv denied* 89 NY2d 801).

Petitioner's remaining contentions do not require extended discussion. We did not consider his jurisdictional objection as it was not raised in the administrative forum (*see, Matter of Abraham v Board of Regents*, 216 AD2d 812). Petitioner's contention that he was unfairly precluded from offering evidence lacks substance since the record reflects that he was given an ample opportunity to present evidence beyond that which is generally permitted in an expedited hearing conducted pursuant to Public Health Law § 230 (10) (p). We do not consider the ARB's incorrect statement that petitioner and his attorney did not appear at the hearing to be substantial evidence overcoming the presumption of regularity (*see, People v Dominique*, 90 NY2d 880). Therefore, we reject petitioner's argument that the ARB did not read the transcript of the hearing. Lastly, weighing all the circumstances, we do not consider the penalty imposed upon petitioner to be excessive as it does not shock one's sense of fairness (*see, Matter of Moran v Chassin*, 225 AD2d 814, 815, *lv denied* 88 NY2d 807).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.