■ In the Matter of MUHAMMAD AZAM KHAN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.

[711 NYS2d 69] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician in Arizona and New York, was charged by respondent State Board for Professional Medical Conduct for having disciplinary action taken against him by the Arizona Board of Medical Examiners (*see*, Education Law § 6530 [9] [d]). Following a hearing, at which the Hearing Committee received in evidence two consent agreements entered into in Arizona, each of which contained findings of fact concerning incidents that would, if committed in New York, constitute professional misconduct under the laws of this State, petitioner's medical license was revoked.

Petitioner thereafter sought review of the Hearing Committee's decision before respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) contending, *inter alia*, that revocation of his license was shockingly unfair. The ARB sustained the findings and penalty of the Hearing Committee, prompting petitioner to commence this CPLR article 78 proceeding to review the ARB's determination.

Contrary to petitioner's contention, we are of the view that collateral estoppel effect was properly given to the 1995 Arizona consent agreement as petitioner was afforded a full and fair opportunity to litigate the charges involved, agreed to forego continuation of the disciplinary proceedings and stipulated to the extensive factual findings contained therein (*see*, *Matter of Ikramuddin v DeBuono*, 256 AD2d 1039, 1041). We are of a different view, however, with regard to the 1997 consent agreement, which reflects that petitioner entered into such agreement "for the sole purpose of terminating the dispute" and, further, provides that "nothing contained [therein] constitutes an admission by [petitioner]". Under such circumstances, invocation of the doctrine of collateral estoppel seems patently unfair (*see*, *Matter of Becker v DeBuono*, 239 AD2d 664, 665). While it is true that petitioner did not raise this issue before the ARB, we deem this issue to be sufficiently fundamental as to justify our review in the interest of justice (*see*, *Matter of Woodin v Lane*, 119 AD2d 969).

As the 1997 consent agreement formed the sole basis for finding that petitioner engaged in conduct violative of Education Law § 6530 (18) and (29), and in view of our conclusion that such agreement is not entitled to preclusive effect, that

portion of the ARB's determination relating to the charges under Education Law § 6530 (18) and (29) must be annulled and this matter remitted to the ARB for a redetermination of the penalty imposed. We have examined petitioner's remaining contentions and find them to be lacking in merit.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of violating Education Law § 6530 (18) and (29); petition granted to said extent and matter remitted to respondent Administrative Review Board for Professional Medical Conduct for a redetermination of the penalty imposed; and, as so modified, confirmed.