■ In the Matter of Harvey G. Herberman, Petitioner, v Antonia C. Novello, as Commissioner of the New York State Department of Health, et al., Respondents. [720 NYS2d 626] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, inter alia, suspended petitioner's license to practice medicine in New York for three years.

Petitioner, while licensed to practice medicine in New York since 1962, obtained a medical license in Texas in 1968 and has since practiced in that State specializing in urology. In 1994, petitioner sustained an injury to his hand that necessitated his quitting the practice of medicine, and he permitted his Texas medical license to lapse in 1996. In 1998, the Texas Board of Medical Examiners (hereinafter the Texas Board) charged petitioner with multiple acts of professional misconduct alleged to have occurred in 1993 and 1994, prior to petitioner's injury. Following institution of the disciplinary proceeding, the Texas Board and petitioner consented to an order wherein petitioner surrendered his license to practice medicine in Texas, his medical license was permanently cancelled and petitioner was Ordered to immediately retire from the practice of medicine.

Based upon the Texas order, a statement of charges was filed by respondent Bureau of Professional Medical Conduct against petitioner in New York charging that petitioner was in violation of Education Law § 6530 (9) (d). Ultimately, a Hearing Committee sustained the charges and imposed a sanction of, *inter alia*, a stayed three-year suspension of petitioner's license to practice medicine. On appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed the findings and penalty, resulting in the commencement of this CPLR article 78 proceeding to annul the ARB's determination.

Initially, petitioner contends that the Texas Board lacked jurisdiction over his professional status inasmuch as he was not licensed to practice at the time the complaint was filed against him, his license having expired in 1996. We disagree. We note that petitioner's challenge to the Texas Board's jurisdiction is properly made in Texas. Here, the New York authorities were confronted with a facially valid order and were entitled to act thereon.* Moreover, even if we considered the merits of petitioner's jurisdictional claim, we would find it without merit. Medical Practice Act of Texas former §§ 4.12 and 4.125 confer jurisdiction upon the Texas Board over any physician found to have committed professional misconduct and to impose, *inter alia*, an administrative penalty of up to $5,000 for a violation thereunder. Nothing in the act limits jurisdiction based upon the status of a physician's license at the time a complaint is filed. Rather, jurisdiction is based upon the physician's license status at the time of the alleged misconduct—here, in 1993 and 1994, prior to the lapse of petitioner's license.

---

* It is of further note that the order, to which petitioner consented, recites that the Texas Board has jurisdiction over the subject matter and petitioner.

We likewise reject petitioner's claim that the ARB's determination is in error because the Texas order makes no determination of wrongdoing and there is no admission of guilt in the underlying settlement agreement. We previously have held that where, as here, a physician waives an adjudication on the merits of a complaint and stipulates to a disciplinary order, that raises an inference that the allegations of the complaint are meritorious, precluding a finding that the ARB's determination was arbitrary or capricious, affected by error of law or an abuse of discretion (*see, e.g., Matter of Hatfield v Department of Health*, 245 AD2d 703). It is only where the consent order specifically provides a disclaimer that nothing therein constitutes an admission of wrongdoing that preclusive effect will be denied (*see, Matter of Khan v New York State Dept. of Health*, 274 AD2d 784). Accordingly, the ARB quite properly determined that petitioner's stipulation to the Texas order to settle the disciplinary complaint lodged against him constituted a violation of Education Law § 6530 (9) (d). Finally, we find petitioner's challenge to the penalty imposed equally unavailing.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

