In the Matter of FRANCIS G. D'AMBROSIO, Petitioner, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents. [769 NYS2d 917]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to

review a determination of respondent Administrative Review Board for Professional Medical Conduct which imposed a five-year period of probation upon petitioner.

Petitioner has held a medical license in New York since 1987. He established his practice in spinal surgery in Las Vegas, Nevada in 1993, and has not been registered as a New York physician since December 31, 1992. Petitioner practiced in Nevada from 1993 to 2000 when he relocated his practice to California and allowed his Nevada license to lapse. In March 2002, the Nevada Board of Medical Examiners (hereinafter NBME) brought a complaint against petitioner charging him with malpractice in the treatment of seven patients between 1995 and 2000. On April 17, 2002, petitioner executed a voluntary surrender of his license in Nevada, specifically acknowledging in the surrender document that he was aware that he was under investigation by the NBME and that the surrender was subject to the provisions of Nevada Administrative Code § 630.240, which, in essence, authorizes continuation of the disciplinary proceedings despite surrender of the license. The order of the NBME references the above, recites "good cause appearing," and accepts the irrevocable surrender of the license. Disciplinary proceedings in that state terminated.

In September 2002, petitioner was served with a notice of referral proceeding instituted in this state pursuant to Public Health Law § 230 (10) (p). The Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner with professional misconduct under Education Law § 6530 (9) (d) based upon petitioner's surrender of his Nevada license while the Nevada complaint was pending. At the hearing before a Hearing Committee of the State Board for Professional Medical Conduct, BPMC's proof was entirely documentary and consisted of the notice of the referral proceeding, affidavits of service, proof of petitioner's New York license and the Nevada documents, namely, the voluntary surrender agreement, the order accepting it and the verified Nevada complaint. Thereafter, petitioner testified, denying malpractice in each of the seven cases. The Committee dismissed all charges against petitioner, concluding that the record evidence was insufficient to establish professional misconduct as charged. On appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) reversed the Committee's determination and placed petitioner on five years' probation, finding that the surrender of the Nevada license supported the inference that the charges alleged in the Nevada complaint were meritorious and that the allegations of the complaint established conduct which, if commit-

ted in New York, would constitute professional misconduct. In this CPLR article 78 proceeding, petitioner seeks annulment of the ARB's decision.

Pursuant to Education Law § 6530 (9) (d), a physician licensed in New York, by definition, has committed professional misconduct if he or she surrenders his or her license in a sister state after disciplinary action was duly instituted in that state where the conduct charged, if committed in New York, would constitute misconduct under New York law. The record leaves no doubt that the first statutory requirement has been satisfied. The complaint was filed March 22, 2002 and petitioner executed the voluntary surrender document on April 17, 2002, specifically acknowledging that he was aware that he was under investigation by the NBME. Petitioner attached his Nevada license to the document.

We start our analysis of the second prong of the statute by observing that the standard of review of the ARB's determination is limited to whether the decision is "arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 563 [2001] [internal quotations and citations omitted]). "Accordingly, our inquiry distills to whether the ARB's determination has a rational basis and is factually supported" (*id.* at 563 [citation omitted]). In *Matter of Herberman v Novello* (280 AD2d 814, 816 [2001]), we held that when a physician waives adjudication of the merits of a complaint and stipulates to a disciplinary order, an inference is raised that the allegations of the complaint are meritorious, which precludes our finding that the ARB's determination was arbitrary or capricious, affected by error of law or an abuse of discretion (*see Matter of Hatfield v Department of Health of State of N.Y.*, 245 AD2d 703 [1997]). In our view, petitioner's voluntary surrender of his license, while he was facing charges of misconduct resulting in an order accepting the surrender of his license, is equivalent to a waiver of adjudication on the merits and a stipulation to a disciplinary order, thus precluding review.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.