■ In the Matter of RAY A. HARRON, Petitioner, v RICHARD F. DAINES, as Commissioner of Health, Respondent. [902 NYS2d 253]—

Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a board certified radiologist, resides in Texas but also has been licensed to practice medicine in New York since 1958. In March 2008, the Bureau of Professional Medical Conduct initiated a referral proceeding against petitioner based upon disciplinary action taken against petitioner in Texas and Mississippi. Specifically, the Texas Medical Board found in 2007 that petitioner, among other things, had made misrepresentations in diagnostic reports produced for plaintiffs in connection with his work as a medical expert in silica/silicosis tort litigation. Pursuant to an agreed order, petitioner was ordered not to practice medicine in Texas until the expiration of his license in May 2007 and, further, not to seek renewal of his license in that state. Relying on the findings and order of the Texas Medical Board, the Mississippi State Board of Medical Licensure thereafter entered a consent order wherein petitioner agreed to give up his right to seek renewal and reinstatement of his medical license in Mississippi.

Following an expedited referral hearing before a Hearing Committee of the State Board for Professional Medical Conduct, the Committee found petitioner guilty of misconduct based upon the Texas and Mississippi orders. Noting that petitioner chose not to testify, that the record contained no mitigating evidence, and that petitioner's negligent and fraudulent practices constituted a course of conduct rather than a few aberrant acts, the Committee determined that revocation of petitioner's medical license was an appropriate penalty. The Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed, concluding that petitioner's license was properly revoked pursuant to Education Law § 6530 (9) (d) because the findings of fact by the Texas Medical Board demonstrated conduct that would constitute fraud and negligence in New York. In that regard, the ARB concluded that the Texas findings demon-

strated that petitioner had inadequate information about reliability of exposure histories referred to in his diagnostic reports, made inadequate efforts to rule out other causes for litigants' symptoms, did not review or edit many of the diagnostic reports that he signed, and indicated that he relied upon physical examinations in diagnosing litigants even when such examinations did not contribute to his diagnosis. Petitioner commenced this proceeding seeking to vacate the ARB's determination.

We confirm. Inasmuch as "the Hearing Committee's determination was reviewed by the ARB . . . , our review is limited to ascertaining whether [the ARB's determination] was arbitrary and capricious, affected by error of law or an abuse of discretion" (*Matter of Arnett v New York State Dept. of Health*, 69 AD3d 1001, 1002 [2010] [citation omitted], *lv denied* 14 NY3d 707 [2010]; *see Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct*, 60 AD3d 1160, 1162 [2009], *lv denied* 12 NY3d 713 [2009]). Petitioner argues that the ARB acted arbitrarily and capriciously by relying upon the Texas and Mississippi determinations because, he asserts, those determinations contained disclaimers of wrongdoing and no specific finding of guilt. Contrary to his argument, however, Education Law § 6530 (9) (d) does not "requir[e] proof of guilt of the out-of-state misconduct charges" (*Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 139 [2005]). Rather, section 6530 (9) (d) defines professional misconduct as "having voluntarily or otherwise surrendered [a] . . . license after a disciplinary action was instituted by a duly authorized professional disciplinary agency of another state, where the conduct resulting in . . . the surrender of the license would, if committed in New York state, constitute professional misconduct." The statute was designed "to close a loophole . . . by subjecting a physician to disciplinary review if (as found by the [ARB] in the case before us) 'the physician "voluntarily" surrendered his or her license in another state to avoid a finding of medical misconduct' " (*Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d at 140, quoting Mem of State Exec Dept, 1985 McKinney's Session Laws of NY, at 3027). Hence, it imposes only "two requirements before a finding of professional misconduct in New York" may be made based upon a negotiated compromise resolving an out-of-state disciplinary proceeding: first, "the voluntary surrender of a license after disciplinary action was instituted by a duly authorized professional disciplinary agency of another state," and second, "conduct resulting in the surrender that would, if committed in New York, constitute professional

[misconduct] in this state" (*Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d at 139).

We note that, although a negotiated compromise cannot be given preclusive effect on collateral estoppel grounds (*see Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 266-270 [1988]), the Court of Appeals has held that the doctrine of collateral estoppel is inapplicable to referral proceedings under Education Law § 6530 (9) (d) because the statute "eliminat[ed] [the] requirement that guilt be proved" (*Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d at 140 [distinguishing *Halyalkar*]). Moreover, as this Court has explained, when a "petitioner [has] waived an adjudication of the merits of the [out-of-state] complaint by entering into a stipulation of settlement," an inference is raised "that the allegations against him [or her] had some validity" (*Matter of Hatfield v Department of Health of State of N.Y.*, 245 AD2d 703, 705 [1997]; *see Matter of Sternberg v Administrative Review Bd. for Professional Med. Conduct*, 235 AD2d 945, 946 [1997], *lv denied* 90 NY2d 809 [1997]). Thus, we have found misconduct in such instances even where the physician specifically denies the allegations of the out-of-state complaint (*see Matter of Hatfield v Department of Health of State of N.Y.*, 245 AD2d at 704-705).

Here, while petitioner denied any violation of the Texas Medical Act and Mississippi Medical Practice Act, he did "not admit or *deny*" (emphasis added) the findings of fact and conclusions of law set forth in the Texas order and "recognize[d] that the [Texas] [o]rder . . . and the allegations set forth in the [Mississippi] Board's charging affidavit might be construed as unprofessional conduct and/or violation of [the Mississippi Medical Practice] Act." Furthermore, petitioner voluntarily agreed not to seek renewal of his licenses in Texas or Mississippi after those states instituted disciplinary proceedings against him, and the conduct charged in those proceedings would constitute professional misconduct in violation of Education Law § 6530 (2) and (3) (*see e.g. Matter of Wassermann v Board of Regents of Univ. of State of N.Y.*, 11 NY2d 173, 176-179 [1962], *cert denied* 371 US 861 [1962], *appeal dismissed* 371 US 23 [1962]; *Matter of Arnett v New York State Dept. of Health*, 69 AD3d at 1003; *Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct*, 60 AD3d at 1163; *Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1164-1165 [2008]). Accordingly, the ARB's determination sustaining the charges

against petitioner under section 6530 (9) (d) was not arbitrary and capricious.*

Cardona, P.J., Peters, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* As petitioner notes, this Court, in reliance upon Matter of Halyalkar v Board of Regents (72 NY2d 261 [1988], supra), has also held that an out-of-state determination that contains an adequate disclaimer of wrongdoing may not be given preclusive effect because invocation of the doctrine of collateral estoppel would be unfair in such circumstances (see Matter of Becker v DeBuono, 239 AD2d 664, 665 [1997]; see also Matter of Herberman v Novello, 280 AD2d 814, 816 [2001]; Matter of Azam Khan v New York State Dept. of Health, 274 AD2d 784, 785 [2000], revd on other grounds 96 NY2d 879 [2001]; Matter of Ikramuddin v DeBuono, 256 AD2d 1039, 1040-1041 [1998]). The decision of the Court of Appeals in Matter of D'Ambrosio v Department of Health of State of N.Y. (4 NY3d at 140) that Halyalkar and the doctrine of collateral estoppel are not relevant to referral proceedings under Education Law § 6530 (9) (d) has undermined the rationale of this line of our cases and, thus, the continuing validity of those cases with respect to this issue is questionable. In any event, petitioner's refusal to admit or deny the charges against him in Texas and his acknowledgment in Mississippi that those allegations could be construed as unprofessional conduct do not constitute adequate disclaimers of wrongdoing.