PENELOPE LANKHEIM *vs.* BOARD OF REGISTRATION IN NURSING. January 4, 2011. *Board of Registration in Nursing. Nurse. License.*

Penelope Lankheim appeals from a decision of a single justice of this court affirming an order of the Board of Registration in Nursing (Massachusetts board) suspending Lankheim's nursing license for five years. We affirm.

*Background.* a. *Florida discipline.* Lankheim received a registered nursing license in Florida in 1976. In 2003, pursuant to a complaint filed by the Florida Department of Health, an administrative law judge in Florida found that Lankheim had been dismissed from a graduate nursing program in Florida in part because she had failed a clinical course; that she falsely represented to a practicing physician that she was still enrolled in the graduate program in order to obtain his agreement to serve as her preceptor for the clinical course that she had failed; that she saw patients under the physician's supervision, and prescribed treatment plans and medication; and that she disclosed to third parties confidential medical information of some of the patients. The administrative law judge concluded that Lankheim had violated various rules of professional conduct by making fraudulent representations relating to the practice of nursing (i.e., misrepresenting herself as a current nursing graduate student); by practicing as an unlicensed advanced registered nurse practitioner; and by violating rules governing patient confidentiality.

At a hearing at which Lankheim participated, the Florida Board of Nursing (Florida board) voted to adopt the findings and conclusions of the administrative law judge, and to impose the penalties recommended by the judge, which included professional reprimand and probation, and a $1,000 fine. In lieu of those penalties, however, Lankheim offered voluntarily to relinquish her license permanently. The board made clear to Lankheim at the time that such a relinquishment would be considered discipline.[1] Thereafter, the Florida board issued a final order acknowledging its acceptance of Lankheim's relinquishment. The order expressly indicated that the board had explained to Lankheim that the relinquishment would be considered discipline. Lankheim did not challenge that order.[2]

b. *Massachusetts discipline.* Lankheim has held a license in registered nurs-

---

[1] In testimony before the Board of Registration in Nursing (Massachusetts board), Lankheim stated that she had indicated to the Florida Board of Nursing (Florida board) that she hoped the relinquishment of her license would not be treated as discipline, and had tried to persuade the Florida board not to treat her relinquishment as such, but that she nevertheless relinquished her Florida license knowing and accepting that the board would in fact treat it as a form of discipline.

[2] Although Lankheim complains she was not notified of a right to appeal from the Florida board's final order, she fails to cite any authority requiring such notice, let alone authorizing an appeal, where she voluntarily relinquished her license permanently as a final resolution of the case.

ing in Massachusetts since 1987. In 2005, the Massachusetts board issued an order to show cause why, in light of her discipline in Florida, her Massachusetts license should not be disciplined. See G. L. c. 112, § 61 (7). In 2007, following an adjudicatory hearing, the Massachusetts board issued a decision suspending Lankheim's Massachusetts license indefinitely. Lankheim sought judicial review in the county court, pursuant to G. L. c. 112, § 64. A single justice of this court affirmed the Massachusetts board's decision to impose discipline but remanded the matter for reconsideration of the specific sanction to be imposed.[3] On remand, the Massachusetts board again ordered an indefinite suspension, and again Lankheim sought review in the county court. The single justice remanded the matter to the Massachusetts board for reconsideration of the sanction a second time.[4] This time, the Massachusetts board ordered Lankheim's license suspended for five years, with credit to be given for the two years since the time of the Massachusetts board's original order of suspension. The single justice affirmed that order.

In suspending Lankheim's license, the Massachusetts board concluded that the facts underlying the Florida proceedings — the unauthorized practice of nursing, deceiving a physician, and violating patient confidentiality — warranted discipline in Massachusetts because they constituted violations of G. L. c. 112, §§ 74, 74A, 76, 80B; 244 Code Mass. Regs. § 9.03(5) and (47) (2000); the Massachusetts board's Good Moral Character Disciplinary Policy; and the principles of *Sugarman* v. *Board of Registration in Med.*, 422 Mass. 338, 342 (1996); *Kvitka* v. *Board of Registration in Med.*, 407 Mass. 140, 143, cert. denied, 498 U.S. 823 (1990); and *Raymond* v. *Board of Registration in Med.*, 387 Mass. 708, 713 (1982).[5]

*Discussion.* The court reviews the Massachusetts board's decision directly, even though the appeal is from a decision of a single justice. See *Weinberg* v. *Board of Registration in Med.*, 443 Mass. 679, 685 (2005). The court may revise or reverse the Massachusetts board's decision only if the petitioner shows that the decision is flawed in terms of the standards for review articulated in G. L. c. 30A, § 14 (7). See *id.* See also G. L. c. 112, § 64. Lankheim has not satisfied that burden.

Lankheim raises several claims on appeal. First, she argues that the final order of the Florida board does not constitute discipline that can serve as the basis of reciprocal discipline in Massachusetts because (1) the Florida board's decision included no findings of fact, (2) Lankheim did not understand that the voluntary relinquishment of her license in Florida would constitute discipline, (3) she did not admit to any wrongdoing, and (4) she did not agree not to contest the allegations against her. The first three claims are unsup-

---

[3]The Massachusetts board was instructed to reconsider its treatment as an aggravating factor that Lankheim had vigorously denied that her voluntary relinquishment constituted discipline because, at the time Lankheim made that argument to the Massachusetts board, this court had not yet decided the case that definitively defeated her claim. See *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. 786, 795-798 (2008) (neither admission to nor finding of wrongdoing necessary to treat as discipline resolution of disciplinary charges by agreement).

[4]The Massachusetts board was directed to ensure that the sanction was not markedly disparate from that imposed in comparable Massachusetts cases.

[5]The single justice noted that the facts also constituted violations of G. L. c. 112, § 61(5), and 244 Code Mass. Regs. § 9.03(2), (10), (11), (12), (16), (17), (31) (2000) and § 9.04(1) (2000).

ported by the facts in the record before us and are controlled by *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. 786, 795-798 (2008) (neither admission to nor finding of wrongdoing necessary to treat as discipline resolution of disciplinary charges by agreement in another State). To the extent that Lankheim relies on *Becker* v. *DeBuono*, 239 A.D.2d 664 (N.Y. 1997), and *Urella* v. *State Med. Bd.*, 118 Ohio App. 3d 555 (1997), to argue the importance of her not having admitted any wrongdoing, we have expressly declined to follow the reasoning of those cases. *Ramirez* v. *Board of Registration in Med.*, 441 Mass. 479, 483 (2004). Because Lankheim agreed to relinquish her license voluntarily and permanently in lieu of other sanctions, she effectively agreed not to contest the allegations against her.

Second, Lankheim argues that the Massachusetts board is estopped from disciplining her because it had notified her in a letter, while the allegations were pending in Florida, that it would not, based on the then-unresolved allegations in Florida, open its own proceeding against her Massachusetts nursing license.[6] Contrary to Lankheim's characterization, we do not read anything in the Massachusetts board's letter as an "adjudication" in her favor of the facts underlying the Florida proceedings. Moreover, because the letter predated the final order of the Florida board, and because the basis of the Massachusetts board's later decision to initiate reciprocal discipline was the *fact* of discipline imposed by the Florida board, see *Anusavice* v. *Board of Registration in Dentistry*, *supra* at 795, 798-799, the Massachusetts board was not estopped from reciprocally disciplining Lankheim in Massachusetts. Similarly, the Massachusetts board did not, as Lankheim claims, "reverse itself," nor did it "waive its right" to impose reciprocal discipline in Massachusetts.[7]

Third, Lankheim claims that the facts underlying the Florida proceeding do not warrant discipline in Massachusetts because (1) the Massachusetts board, in its letter to Lankheim (see note 6, *supra*), had determined those facts would not warrant discipline, and (2) the facts found by the administrative law judge in Florida were not supported by the evidence. As discussed above, the Massachusetts board made no adjudication of facts in its letter to Lankheim. As for her challenge to the evidentiary support for the facts found by the administrative law judge in Florida — and, by extension, the basis for the Massachusetts board's decision — she was free to challenge the evidence before the Florida board and chose not to do so. She may not do so now. See *Anusavice* v. *Board of Registration in Dentistry*, *supra* at 795-796.

Lankheim also argues that the Massachusetts board's decision is arbitrary and capricious for various reasons. First, she claims the Massachusetts decision was based in part on facts not in evidence, namely, a voluntary relinquishment of license form that Lankheim had submitted to the Florida board, which allegedly bore on whether Lankheim was aware that the relinquishment of her Florida license would be treated as discipline. There was, however, specific testimonial evidence before the Massachusetts board regarding the relinquish-

---

[6]After the Florida complaint was filed, Lankheim wrote to the Massachusetts board asking if her license here was "secure." The Massachusetts board responded by stating that, based on the then-unresolved Florida complaint, the Massachusetts board, at that time, "[found] no evidence to open a complaint against [her] nursing license."

[7]Moreover, Lankheim's claim of unreasonable delay in the initiation and conclusion of the Massachusetts board's reciprocal disciplinary proceedings fails where she has shown no prejudice. See *Fisch* v. *Board of Registration in Med.*, 437 Mass. 128, 133-134 (2002).

ment form, including testimony that, through the form, Lankheim had indicated her understanding and acceptance of the Florida board's treatment of her voluntary relinquishment as discipline. Lankheim's claim therefore fails. Second, she claims that the Massachusetts board improperly considered as an aggravating factor that her Massachusetts medical license (she held both medical and nursing licenses in Massachusetts) had been suspended since 1987 — even though, in 1988, the Massachusetts board had declined, based on that suspension, to suspend on its own Lankheim's Massachusetts nursing license. That the Massachusetts board decided not to take action on its own against Lankheim's nursing license in 1988 did not preclude the Massachusetts board from considering the 1987 suspension of her medical license as an aggravating factor in connection with this case.

Finally, Lankheim claims that the sanction imposed by the Massachusetts board is excessive. She incorrectly refers in her brief to the sanction as "indefinite suspension," i.e., the sanction originally imposed by the Massachusetts board. The final sanction imposed, however, following the second remand from the single justice, was a suspension of five years. Comparable cases support that sanction. See Matter of Michaelson, No. RN-03-199 (2008); Matter of Njoki, No. LN-07-092 (2008); Matter of McLean, No. LN-02-179 (2006); Matter of Hile, No. RN-00-054 (2004); Matter of Luisi, No. RN-93-152 (1994).

*Conclusion.* The decision of the single justice (in effect a judgment) affirming the Massachusetts board's order suspending Lankheim's nursing license for five years is affirmed.

*So ordered.*

*Nancy Sue Keller* for the plaintiff.
*Amy Spector*, Assistant Attorney General, for the defendant.