*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    517999
_____

In the Matter of BARLOW SMITH,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
STATE BOARD FOR PROFESSIONAL
    MEDICAL CONDUCT et al.,
                    Respondents.

_____

Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

_____

        Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, New York City (James Hershler of counsel), for respondents.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

        Petitioner, a board-certified psychiatrist, resides in Texas but has been licensed to practice medicine in New York since 1967.  In February 2013, the Bureau of Professional Medical Conduct initiated a referral proceeding against petitioner based upon disciplinary actions taken against him in Texas. Specifically, the Texas Medical Board found in 2009 that petitioner had engaged in a sexual relationship with a patient.

Pursuant to an agreed order, petitioner was publicly reprimanded for his conduct and directed to both successfully complete a course in professional boundaries and pay an administrative penalty of $3,000. The Texas Medical Board further found in 2011 that petitioner had failed to maintain adequate medical records for four of his patients, and he consented to an order directing him to successfully complete continuing medical education courses related to medical recordkeeping.

Petitioner admitted that the actions set forth in the 2011 order constituted professional misconduct under New York law, but argued that the actions that gave rise to the 2009 order did not because they involved a former patient. Following an expedited referral hearing before a Hearing Committee of respondent State Board for Professional Medical Conduct — a hearing at which he elected not to personally appear — petitioner was found guilty of misconduct based upon both orders. Noting that he had twice been disciplined and had failed to express remorse for his actions, the Hearing Committee determined that revocation of petitioner's license was an appropriate penalty. Respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed, and petitioner commenced this proceeding seeking to vacate the ARB's determination.

We confirm. "Inasmuch as the Hearing Committee's determination was reviewed by the ARB, our review is limited to ascertaining whether the ARB's determination was arbitrary and capricious, affected by error of law or an abuse of discretion" (Matter of Harron v Daines, 74 AD3d 1529, 1531 [2010] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1392 [2010]). Petitioner was charged with violating Education Law § 6530 (9) (b) and (d), both of which permit a finding of professional misconduct based upon disciplinary actions in other jurisdictions involving behavior "that, if undertaken in New York, would amount to professional misconduct under New York law" (Matter of D'Ambrosio v Department of Health of State of N.Y., 4 NY3d 133, 139 [2005]; see Matter of Harron v Daines, 74 AD3d at 1531-1532).

Petitioner asserts that the conduct leading to the 2009 order did not constitute misconduct in New York because Education Law § 6530 (44) prohibits "any physical contact of a sexual nature between licensee and patient," but does not expressly preclude a sexual relationship with a former patient.  While that argument is a dubious one, it is not one we need to resolve, as the ARB determined that a physician-patient relationship existed at the time the sexual relationship occurred.  The Texas Medical Board found that petitioner saw the patient primarily for medication management and that, on the day their sexual relationship began in December 2007, the patient visited his office to obtain his signature on a prescription assistance form.  Petitioner took advantage of what he perceived as an "invitation to intimacy" afforded when the patient burst into tears in his presence.  After the sexual encounter, petitioner cautioned the patient to remain silent about the encounter because he was a psychiatrist.  The two had several more sexual encounters in the following months, and the patient did not request her medical records from petitioner until June 2008.  These facts provide a rational basis for the ARB's finding that petitioner engaged in a sexual relationship with a current patient and that he committed professional misconduct under New York law (see Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d at 1393-1394; Matter of Clausen v New York State Dept. of Health, 232 AD2d 917, 917-918 [1996]; Matter of Orozco v Sobol, 162 AD2d 834, 835 [1990]).

Turning to the issue of the penalty imposed, "the refusal to accept responsibility for prior wrongful conduct is a significant factor in assessing an appropriate penalty," and the record reflects that the ARB appropriately considered that issue in deciding to revoke petitioner's license (Matter of Celestin v Novello, 43 AD3d 545, 546 [2007]).  Moreover, this Court has repeatedly held that the penalty of license revocation is appropriate in cases where a physician engages in sexual misconduct, and we do not find its imposition here to be "so incommensurate with the offense as to shock one's sense of fairness" (Matter of D'Amico v Commissioner of Educ. of State of N.Y., 167 AD2d 769, 771 [1990]; accord Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d at 1393).

Petitioner's remaining claims, including that he was improperly penalized for disputing the allegations against him, have been examined and found to be lacking in merit.

Peters, P.J., Rose and Egan Jr., JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court